# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TODD M. HONEYCUTT,

    *Plaintiff*,

vs.

TERESA LOWERY, *et al.*,

    *Defendants*.

3:14-cv-00046-RCJ-VPC

ORDER

This *pro se* prisoner civil rights action comes before the Court for initial review of the complaint under 28 U.S.C. § 1915A. The initial partial filing fee has been paid. Following initial review, the Court directs plaintiff to show cause in writing why abstention is not required under *Younger v. Harris*, 401 U.S. 37 (1971).

### *Background*

Plaintiff Todd Honeycutt names as defendants, in their individual and official capacities, a prosecutor in his state criminal case, a detective and police officer, the district attorney and district attorney's office, the sheriff and police department, and the city and county.

As backdrop, the Court takes judicial notice of the record in plaintiff's federal habeas action in No. 2:06-cv-00634-RLH-GWF, which is indirectly referenced in the complaint and which reflects the following.[1]

////

---

[1] The brief overview herein is drawn from the more detailed summary of the procedural history found in No. 2:06-cv-00634, #77, at 1-4, together with the subsequent orders reflecting current status. Nothing herein constitutes a holding or finding by the Court in this action with regard to the issues in 2:06-cv-00634. The orders in that case of course control in that action in the event of any alleged variance with this recital.

1    Honeycutt was tried in Nevada state court initially on two counts of sexual assault and
2 one count of kidnapping in connection with the alleged May 16, 1998, kidnapping and sexual
3 assault of Karen Bates (the "sexual assault case"). The initial trial of the sexual assault case
4 ended in a hung jury. Prior to a retrial in the sexual assault case, the State charged
5 Honeycutt with solicitation to commit murder in allegedly seeking to have Bates murdered (the
6 "solicitation case").

7    Both cases were tried in a joint trial over a defense objection. At the joint trial, the
8 State introduced, *inter alia*, testimony by a jailhouse informant and an undercover officer
9 seeking to establish that Honeycutt solicited them to murder Bates. Honeycutt was convicted
10 on all charges in both cases in the joint trial.

11    This Court denied federal habeas relief, and the Ninth Circuit affirmed in part and
12 reversed in part. The Ninth Circuit held that the introduction of Honeycutt's alleged
13 statements to the jailhouse informant and the undercover officer as evidence of guilt in the
14 joint trial gave rise to a Sixth Amendment violation under *Massiah v. United States*, 377 U.S.
15 201 (1964). On remand, this Court issued a conditional writ of habeas corpus vacating the
16 convictions in both cases and ordering that Honeycutt be released if not retried within the time
17 established in the order. A second appeal currently is pending directed primarily to the
18 question of whether retrial as to the convictions in both cases is required by the prior panel
19 decision. Briefing on the second appeal currently runs through November 20, 2014. If the
20 Court's order granting a conditional writ vacating the convictions in both cases ultimately is
21 affirmed, the State will have sixty days from the filing of the panel decision within which to file
22 a notice of election as to its intent to retry Honeycutt, unless the order is stayed by a reviewing
23 court. The Court's orders do not directly dictate whether Honeycutt must be retried in
24 separate trials rather than again in a joint trial.

25    In the present § 1983 action, Honeycutt alleges that he was wrongfully convicted at the
26 prior trial of the cases. He alleges, *inter alia*, that: (a) the defendant prosecutor, detective,
27 and undercover officer manufactured false evidence consisting of an alleged handwriting by
28 Honeycutt and knowingly presented perjured testimony by the officer; (b) another prosecutor

in the case improperly conducted an impromptu demonstration involving mock choking Honeycutt on the stand, depriving him of a fair trial; and (c) the State withheld impeachment evidence that the jailhouse informant received a benefit for his testifying against Honeycutt.

The Ninth Circuit's decision affirming in part and reversing part did not grant Honeycutt relief based upon any of these alleged violations. The Ninth Circuit in fact affirmed the denial of relief with regard to a claim of prosecutorial misconduct based upon the mock choking incident. Such an episode of course very well may not reoccur in a retrial. The Ninth Circuit otherwise was not presented with, much less did it grant relief upon, claims of alleged manufactured evidence, perjured testimony and/or withholding of impeachment information.

In this civil rights action, plaintiff seeks compensatory and punitive damages along with injunctive relief "forcing defendants to create policies to prevent this kind of conduct." He maintains in the complaint that the action is not barred under *Heck v. Humphrey*, 512 U.S. 477 (1994), following upon the Ninth Circuit's decision. He contends that the action now is timely and proper.

### *Discussion*

Under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), absent extraordinary circumstances, a federal court may not enjoin or otherwise interfere with a pending state criminal proceeding through a grant of injunctive relief. Where *Younger* abstention is required, any claims for injunctive relief must be dismissed. Moreover, the action must be stayed as to any damage claims. *See, e.g., Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004)(*en banc*); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)(if plaintiff files a damage action that would impugn a possible future conviction, a stay may be appropriate until the criminal proceedings are concluded); *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994)(similar). *Younger* abstention may be raised by the federal court *sua sponte*. *See, e.g., San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

Plaintiff's convictions in the two cases in the joint trial have not been vacated unconditionally. On the pending appeal in the Ninth Circuit, it remains within the realm of

1  possibility that the order vacating the conviction in the solicitation case may be reversed on
2  what the Court characterized in that action as a debatable issue.  Thereafter, following the
3  appeal and on a retrial or retrials in one or both cases, Honeycutt possibly may be convicted
4  again on the charges in one or both cases.  Accordingly, the time that he has served,
5  previously as well as prospectively up through that point, potentially again may be credited
6  against a sentence or sentences on a then presumptively valid conviction or convictions.

7  Plaintiff thus effectively is in the same functional situation, at best, as a pretrial
8  detainee on the charges in both cases, subject to the Ninth Circuit's disposition as to the
9  conviction in the solicitation case.  In that circumstance, with a retrial or retrials to come in
10 what again will be a pending state criminal prosecution, *Younger* abstention is required.
11 *Accord Stouffer v. Whetsel*, 2001 WL 1515868 (10th Cir. Nov. 29, 2001) (unpublished).[2]

12 Plaintiff accordingly will be required to show cause why the claims for injunctive relief
13 should not be dismissed without prejudice[3] and his monetary damage claims stayed.

14 IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint[4] and the
15 accompanying motion for appointment of counsel, with action being deferred on the motion.[5]
16 / / / /

---

[2] Tenth Circuit Rule 32.1 permits the citation of unpublished decisions issued both prior to and after January 1, 2007, for persuasive value.

[3] The Court expresses no opinion at this juncture as to whether *O'Shea* abstention otherwise would be required on the particular request for injunctive relief presented.  *See O'Shea v. Littleton*, 414 U.S. 488 (1974) (principles of comity and federalism preclude federal equitable intervention aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials). In the posture presented, *Younger* abstention requires that the claim for injunctive relief be dismissed without prejudice.  The matter of whether plaintiff would be able to obtain the specific injunctive relief requested thus is an issue for another, only possible, day.

[4] Nothing in this order suggests by implication that the complaint is not subject to other deficiencies. *Inter alia*, plaintiff did not use the Court's required civil rights complaint form to state his claims as required by Local Rule LSR 2-1.  Plaintiff instead used part of the first page and the last page of the required form as a cover document for a handwritten, homemade complaint.  A plaintiff instead must use the required complaint form, in its entirety, to state his claims, in their entirety.  However, the Court defers consideration of this and any other deficiencies in the pleading at this time.

[5] The Court does not find that exceptional circumstances exist as would warrant a request to a private attorney to take the case prior to a response to this show-cause order.  Plaintiff must respond to this order *pro se*.  The Court does not suggest by implication that such circumstances would exist thereafter.

IT FURTHER IS ORDERED that, within thirty (30) days of entry of this order, plaintiff shall SHOW CAUSE in writing why his claims for injunctive relief should not be dismissed without prejudice and why all remaining claims for monetary relief should not be stayed, on the basis of *Younger* abstention.  If plaintiff fails to timely respond to this order or fails to demonstrate that abstention is not appropriate in this case, the claims for injunctive relief will be dismissed without prejudice and the action will be stayed as to all remaining claims for relief pending the outcome of plaintiff's state criminal proceedings, through to the completion of all proceedings on direct review of any judgment of conviction.[6]

If a stay order is entered, the case will be administratively closed, without entry of a final judgment, until such time as an order is entered reopening the action.

DATED: July 15, 2014

_____
ROBERT C. JONES
United States District Judge

---

[6] The Court does not rule out the prospect that plaintiff's claims – which are directed in the main to evidence of his allegedly soliciting the informant and officer to murder Bates – may be at least partially *Heck*-barred if the order vacating his solicitation conviction is reversed.  Meanwhile, to the extent that plaintiff alleges that he was wrongfully convicted also of solicitation to commit murder based on the cross-admitted evidence, his claims as to that charge clearly are subject to at the very least *Younger* abstention on the current state of the federal record in his habeas action.