# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TODD M. HONEYCUTT,

    *Plaintiff*,

vs.

TERESA LOWERY, *et al.*,

    *Defendants*.

3:14-cv-00046-RCJ-VPC

ORDER

This *pro se* prisoner civil rights action comes before the Court on a *sua sponte* inquiry as to whether abstention is required under *Younger v. Harris*, 401 U.S. 37 (1971), as well as two pending motions (## 8 & 9) discussed further, *infra*. This order follows upon a prior show-cause order (#6) and plaintiff's response thereto, which he has presented as a motion (#11) to show cause.

### *Abstention*

The procedural background is not disputed and is outlined in detail in the show-cause order. See #6, at 1-3.

The prior order further summarized the governing law as follows:

> Under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), absent extraordinary circumstances, a federal court may not enjoin or otherwise interfere with a pending state criminal proceeding through a grant of injunctive relief. Where *Younger* abstention is required, any claims for injunctive relief must be dismissed. Moreover, the action must be stayed as to any damage claims. *See, e.g., Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004)(*en banc*); *see also Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)(if plaintiff files a damage action that would impugn a possible future conviction, a stay may be

        appropriate until the criminal proceedings are concluded); *Heck v. Humphrey*, 512 U.S. 477, 487 n.8 (1994)(similar). *Younger* abstention may be raised by the federal court *sua sponte*. *See, e.g., San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n.5 (9th Cir. 1998).

#6, at 3.

    The order directed plaintiff "to show cause why the claims for injunctive relief should not be dismissed without prejudice and his monetary damage claims stayed." #6, at 4.

    Plaintiff contends that abstention is not required because the State allegedly is prosecuting him in bad faith by using manufactured evidence to obtain an invalid conviction. This sort of in actuality garden variety allegation – a state criminal defendant alleging that he is being prosecuted on falsified evidence – does not present extraordinary circumstances in the sense contemplated by the *Younger* abstention doctrine. The place for a state criminal defendant to challenge the evidence brought against him in an ongoing prosecution is in the prosecution itself and in any following direct and collateral review, not in a federal civil rights action.

    Nor does the fact that the State has continued to litigate issues in the federal habeas action after the Ninth Circuit's partial remand lead to a different result. As the Court noted in the federal habeas action, the issue being pursued on the second appeal "is a debatable one" and the respondents "undeniably have the right to seek further review." No. 2:06-cv-00634-RLH-GWF, #83, at 3.[1] Additional proceedings lie ahead if the State elects to retry plaintiff, as the Ninth Circuit's *Massiah* holding in all events constitutes only a basis for a retrial, if elected, not an unconditional writ grant in that event. In this civil rights action, the Court understands plaintiff's concern about the running of the limitations period on a civil rights claim. However, the stay of the damage claims eliminates such a concern.

    Plaintiff further contends that the claim for injunctive relief also should be stayed rather than dismissed. He focuses on the language in the show-cause order indicating that a federal

---

[1] The Court notes that, on a stipulated joint motion, the Ninth Circuit recently expedited the briefing schedule on the appeal in the federal habeas action and has calendared the matter for the week of October 6, 2014.

court may not interfere with a pending state criminal proceeding "through a *grant* of injunctive relief." (Emphasis added.) Under plaintiff's strained reading of the language used, a federal court could entertain a pending claim seeking to enjoin a pending state criminal proceeding up to a "grant" of an injunction, so long as it did not then do so. The law, cited in the order, instead is well-established that a claim seeking to enjoin a pending state criminal prosecution must be dismissed. It is the interference posed by the pendency of the request to enjoin a pending state criminal proceeding that requires abstention in the first instance.[2] The dismissal is without prejudice and has no adverse limitations period or other collateral consequences in this context, particularly with the damage claims being stayed.[3]

The Court accordingly will abstain under *Younger*, dismissing the claim for injunctive relief and staying the claims for damages.

### *Pending Motions*

Plaintiff's motion (#8) for appointment of counsel will be denied.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(*en banc*). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. *See, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1)("The court may request an attorney to represent any person unable to afford counsel."). Yet the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S. 296 (1989). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*,

---

[2] *See generally* George S. King, Comment, *Federal Injunctive Relief Against Pending State Civil Proceedings: Younger Days Are Here Again*, 44 La. L. Rev. 967, 970-71 (1984).

[3] The Court again expresses no opinion as to whether *Oshea* abstention otherwise would be required as to the specific request for injunctive relief presented. *See* #6, at 4 n.3.

935 F.2d 1015, 1017 (9th Cir. 1991).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Id.*  Neither of these factors is determinative and both must be viewed together before reaching a decision.  *Id.*

The ultimate success of plaintiff's claims will turn upon credibility calls and other determinations made in other proceedings.  On the face of the papers presented, the Court cannot say that plaintiff presents claims where necessarily – subject to decisions in the other cases – he has a substantial likelihood of success.  Plaintiff has demonstrated a more than adequate ability to articulate the claims presented *pro se*.  Accordingly, taking into account both the relative likelihood of success on the merits and plaintiff's ability to litigate the matter *pro se*, the Court does not find that exceptional circumstances exist as would warrant a request to a private attorney to take the case.

Plaintiff's motion (#9) for clarification will be granted to the extent consistent with the explanation provided herein.  Plaintiff refers to the following July 16, 2014, clerical notation in the docket entry for the filing of his complaint: "Proof of service due by 11/13/2014."  The clerical notation is generated automatically by the electronic docketing system in civil actions generally.  However, the 120 day period for providing proof of service does not begin to run in a prison civil rights action until the Court both has completed screening and ordered that service proceed.  The Court has not ordered that service proceed at this juncture, and the Court instead is dismissing the claim for injunctive relief and staying the claims for damages.  Plaintiff will not be under any obligation with respect to service of the complaint unless and until service is ordered.  In that event, the Court will provide specific directives with respect to the particulars of the forms to complete and any follow through required in connection with effecting pauper service through the Marshal.  The 120 day period to effect and provide proof of service would run instead from the entry of such a service order.

IT THEREFORE IS ORDERED that plaintiff's motion (#11) to show cause is DENIED, that all claims for injunctive relief are DISMISSED without prejudice, and that all claims for damages are STAYED.

IT FURTHER IS ORDERED that plaintiff's motion (#8) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that plaintiff's motion (#9) for clarification is GRANTED to the extent consistent with the explanation provided on page 4 of this order.

IT FURTHER IS ORDERED that, in connection with the stay ordered herein, the Clerk shall ADMINISTRATIVELY CLOSE this action until further order of the Court.

DATED: July 29, 2014.

_____
ROBERT C. JONES
United States District Judge